IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 JUL 23 PM 3: 06

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

| | | |
|---|---|---|
| KEVIN S. JACKSON | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. RDB-14-2298 |
| | * | |
| STATE OF MARYLAND | * | |
| CLIFTON T. PERKINS HOSPITAL | | |
| Respondents. | * | |

*****

## MEMORANDUM OPINION

On July 18, 2014, Kevin Jackson ("Jackson"), who is confined at the Clifton T. Perkins State Hospital Center, filed this action seeking release and restitution for the twenty years he alleges he has been institutionalized.[1] ECF No. 1. He claims that he is "physically deformed" from taking "Resperidol"[2] and seemingly attacks his criminal case by alleging he was "drugged witless" and offered no defense. ECF No. 1. Jackson further contends that although he was found not criminally responsible he is being held "physically" responsible due to his confinement. *Id.* The matter has been construed as a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.

According to the Maryland Judiciary website, in June of 1996, Jackson was found not criminally responsible of attempted murder (two counts), assault with intent to rob, carjacking and use of a handgun in the commission of a crime and committed to the Maryland Department of Health & Mental Hygiene ("MDHMH"). *See State v. Johnson*, Case Numbers 594130001, 594130002, 594130003, & 594130005 (Circuit Court for Baltimore City).

---

[1] Jackson's attachments indicate that on July 7, 2014, Baltimore City Circuit Court Judge Charles J. Peters dismissed his post-conviction petition. Upon review of Jackson's documents it may be that he has filed this action in the wrong forum and intended to file an "appeal" of that decision in the Circuit Court for Howard County.

[2] It is believed that Jackson is referring to Risperdal, an antipsychotic medication used to treat

Maryland law authorizes the commitment of one who has been adjudicated incompetent to stand trial and a danger to oneself or others due to mental disorders. Jackson offers no justiciable reasons why the court should take review over this habeas action. He must first exhaust each and every claim presented to the federal court by first pursuing remedies available in the state court. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U. S. 838, 845-47 (1999). It affords the state courts the first opportunity to review federal constitutional challenges and preserves their role in protecting federally guaranteed rights.

There is no record that Jackson has exhausted his state court remedies by judicially challenging the competency hearing findings or the failure to release him. Therefore, any "habeas" challenge to his continued detention is premature. A separate Order follows dismissing this case without prejudice.

Date: July 23, 2014

*/s/ Richard D. Bennett*
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

schizophrenia and symptoms of bipolar disorder. See http://www..drugs.com